

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-6365
Re: Liability of the San Antonio
Independent School District
to pay an occupation tax as
provided by Section 32, Ar-
ticle 7047, V.A.R.C.S.

You wrote this office concerning the liability of the
San Antonio Independent School District for an occupation tax
for the operation of a baseball park known as "Tech Field." We
found it necessary to request more information, and on June 21,
1945, we received your second letter which more fully develops
the facts and from which we quote:

"1. The baseball park, which is owned by the
San Antonio Independent School District, is not used
for school purposes, except for two or three Junior
High School Football Games during the Fall season of
the year. The Alamo Stadium at San Antonio is used
for all public school athletic contests.

"2. For a number of years, before the War, the
Texas League Team of San Antonio, leased the base-
ball park from the San Antonio Independent School
District at a rental of $7,500.00 per season. The
San Antonio, Texas League Club paid the State Oc-
cupation tax each year.

"3. Since the San Antonio, Texas League Base-
ball Club ceased their activities, the San Antonio
Independent School District has been renting the
baseball park to various commercial baseball teams
for a percentage of the gate receipts collected at
each game. The San Antonio Independent School Dis-
trict, collects all admissions paid to the ballgames
played by the local teams, and deducts a percentage

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

for rental of the ball park before remitting the
balance of the gate receipts to the local team.

"3. The San Antonio Independent School Dis-
trict also rents the baseball park to out of state
professional baseball teams.

"4. I have been advised that the proceeds de-
rived from the rental of the baseball park, is used
for liquidating outstanding bonds of the Alamo
Stadium, which is also owned by the San Antonio
Independent School District. ..."

Article 7047, providing for a tax on certain occupa-
tions, provides:

"There shall be levied on and collected from
every person, firm, company or association of per-
sons, pursuing any of the occupations named in the
following numbered subdivisions of this article,
an annual occupation tax, which shall be paid an-
nually in advance except where herein otherwise pro-
vided, on every such occupation or separate estab-
lishment, as follows:

"
. . . . .

"32. Baseball Parks. -- From every owner or
lessee of a baseball park where admission fees are
charged in cities or towns of less than ten thous-
and (10,000) inhabitants, or within five (5) miles,
thereof, an annual tax of Ten ($10.00) Dollars; in
cities or towns of ten thousand (10,000) and less
than twenty-five thousand (25,000) inhabitants, or
within five (5) miles thereof, an annual tax of
Twenty-five Dollars ($25.00); in cities or towns
of twenty-five thousand (25,000) inhabitants and
less than fifty thousand (50,000) inhabitants, or
within five (5) miles thereof, an annual tax of
Fifty Dollars ($50.00); in cities or towns of fifty
thousand (50,000) inhabitants or more, or within
five (5) miles of any such city or town, an annual
tax of One Hundred Dollars ($100.00); provided,

Honorable George H. Sheppard, page 3

> that this schedule shall not apply to baseball parks owned or maintained in good faith by educational institutions located in this State." (Emphasis added)

Section 1 of Article VIII of the Constitution authorizes the Legislature to levy an occupation tax. This Section reads, in part, as follows:

> "... It may also impose occupation taxes, both upon natural persons and upon corporations, other than municipal, doing any business in this State. ..." (Emphasis added)

Independent school districts have been variously defined by the Supreme Court as "political corporations" (Lewis v. Independent School Dist. of City of Austin, 161 S.W. (2d) 450); "municipalities" (Harlingen Independent School Dist. v. C. H. Page and Bro., 48 S.W. (2d) 983); "local public corporations of the same general character as municipal corporations" or "quasi-municipal corporations" (Love v. City of Dallas, 40 S.W. (2d) 20). Since an independent school district is a local corporation of the same general character as a municipal corporation, it is our opinion that such districts come within the constitutional provision which inhibits the Legislature from imposing an occupation tax on municipalities. Therefore, the San Antonio Independent School District may not be required to pay an occupation tax on its baseball park.

We trust that the foregoing fully answers your inquiry.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _____
J. A. Ellis
Assistant

H. T. Bob Donahue
Assistant

HTBD:db